33,336-11

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 23 2015

Abel Acosta, Clerk

PLEASE PRESENT THE ENCLOSED LETTER TO:

HONORABLE JUDGE---SHARON KELLER

THANK YOU,

KENNETH RAY BROWN #334618
JAMES V. ALLRED UNIT
2101 FM 369 N
IOWA PARK, TEXAS 76367

MARCH 16, 2015

KENNETH RAY BROWN #334618
JAMES V. ALLRED UNIT
2101 FM 369 N
IOWA PARK, TEXAS 76367

TEXAS COURT OF CRIMINAL APPEALS:

Sharon Keller---Presiding Judge:

JUDGES;

Lawrence E. Meyers          Elsa Alcala
Cheryl Johnson              Bert Richardson
Mike Keasler                Kevin P. Yeary
Barbara P. Hervey           David Newell

Re: Trial Court Number: 348455-F    EX PARTE KENNETH RAY BROWN
    Writ Number: WR-33,336-11

HONORABLE JUDGE---SHARON KELLER,

The above reference or captioned-cause is the ELEVENTH time that a writ has been filed in the court of criminal appeals on Kenneth Ray Brown's behalf. All but two of the writ concerned matters as presented in the current 11.07 habeas corpus application.

However, this letter is a request of the PRESIDING JUDGE of Brown's current writ to settle a dispute, or dissidence of state and federal constitutional rights and/or violations of state and federal constitutional rights concerning matters as to whether [with the Court's ruling of showing reasons by law] the State's independent general rule of TEXAS CRIMINAL PROCEDURE CODE ANN. ARTICLE 11.07 SECTION 4 (WEST 2013) is the appropriate remedy or cure for JUSTICE thereto an alleged VOID ADJUDICATION JUDGMENT. Whereby from the face and first impression of the OFFICIAL COURT RECORDS reflects that I was denied, or competely without the benefit of counsel, and/or prevented from the assistance of counsel for the direct appeal proceedings that ultimately incarcerated me for life.

Although the records reflects I never waived my rights to counsel. The records does reflects that on the first submitted PRO SE 11.07 writ of habeas corpus application denied on May 28, 1997. I clearly failed to address and/or unaware of my constitutional rights to appointment of counsel following a State's requested and granted PETITION FOR DISCRETIONARY REVIEW (PDR); and unaware of my constitutional

1

rights to appointment of counsel **following** a remand of my successful reversal of the trial court's conviction on direct appeal; and unaware of my constitutional rights to appointment of counsel to defend my liberty interest where the Appellate Court applied **following** remand a new state law rule standards to my case in order to affirm the adjudication judgment. Which new state law rule standards came into **effect 21 months after I filed the original Appellant's Brief on direct appeal and several months after the reversal of the trial court's conviction, and new law came into effect after the State's filed its PDR.**

Although none of the stated proceedings and constitutional rights to counsel for the direct appeal actually attack the trial court's conviction. But rather, as presented in my current 11.07 habeas corpus application. The District Attorney and Presiding Judge of the 248th District Court both of Harris County, Texas and the previous Presiding Judge(s) of this Court all have clearly created a conflict with well-established state and federal law that recognizes a VOID JUDGMENT pursuant to this court of criminal appeals' ruling/holdings of NIX V. STATE,65 S.W.3d 664 and EX PARTE SPAULDING,687 S.W.2d 745. Which rulings/holdings are in accordance with TEX.CRIM.PROC. CODE ANN. art. 1.051 (d)(1)and (2). Which this Court made such rulings/ holdings in accordance with the United States Supreme Court's precedence under GIDEON V. WAINWRIGHT,372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799(1963) and UNITED STATES V. CRONIC,466 U.S. 684, 653, 104 S.Ct. 2039, 2043 80 L.Ed.2d 657(1984) where the Supreme Court made an **UNEQUIVOCAL** rule making it unconstitutional to try a person for a felony in a state-court unless he had a lawyer or had validly waived one. Such rule apply to all proceedings that affects the defendant/appellant's substantial rights.

The above well-established law is in conflict with the APPLICABILITY OF TEXAS CRIMINAL PROCEDURE CODE ANN. ARTICLE 11.07 SECTION 4. Where the District Attorney and the Courts has refused, or declined to address whether the state independent procedure bar provisions of 11.07 § 4 overrule the UNITED STATES CONSTITUTION SIXTH AMENDMENT RIGHTS TO APPOINTMENT OF COUNSEL FOR THE INDIGENT DEFENDANT/APPELLANT AT ALL CRITICAL STAGE OF THE CRIMINAL PROCEEDINGS.

In my current 11.07 writ which is submitted pursuant to the VOID JUDGMENT EXCEPTION TO THE GENERAL RULE. I set forth facts and circumstances from the official court records, therewith state and federal law that clearly indicates the ADJUDICATION JUDGMENT under cause number 10-83-095-CR is a void judgment. My current 11.07 writ

clearly indicates **(1)** the granting of the State's PDR <u>reinstated</u> my conviction and innocence. Thus, my liberty interests were at stake, **(2)** the remand for reconsideration of my successful reversal of the trial court's conviction <u>reinstated</u> the appeal back to the first level of the appeal, or the original submission of the first direct appeal as a matter of right. Thus, my liberty interests were at stake, and **(3)** the Appellate Court's applying the new state law rule standards in order to affirm the adjudication judgment were the **direct cause** of my imprisonment for life. Which I had no counsel to defend my liberty interests against the new rule.

All the above stated proceeding/procedure where my liberty interests were at stake following the State's requested and granted PDR. The records reflects I was either denied, or completely without the benefit of counsel and/or prevented from the assistance of counsel. Thus as to my **fate**, there was no one defending my liberty interests against the State's mass resoure. [very much same as now due to my indigent status] However, due to my indigent status going up against the mass resource of the State which includes the District Attorney and 248th District Court both of Harris County, Texas, and this Honorable Court. By state and federal law, that first 11.07 filed Pro Se was actually filed to a void judgment. Thus by law, that first 11.07 judgment is also a void judgment. Therefore, by law, applying the provisions of 11.07 § 4 (a) to my current 11.07 application in order to simply dismiss [DUE TO MY INDIGENT STATUS] my current 11.07 writ would not be the appropriate remedy or cure for JUSTICE.

In this letter I have done my best to bring to the HONORABLE JUDGE---SHARON KELLER's attention and any other Honorable Judge of the Court; that as to the grounds for relief presented in my current 11.07 writ thereto the alleged void judgment. This Court cannot by law determine whether I'm being deprived of my liberty and **restrained** by the State of Texas Prison System for life under an unlawful/unconstitutional, or void judgment **unless** this Court examine the official court records and make an openly ruling on the **merits** as to whether the adjudication judgment under cause number 10-83-095-CR is according to state and federal law a void judgment.

This is only a letter of **pleading** for justice concerning matters of my current 11.07 writ of habeas corpus application. Such application does not attack the trial court's conviction, nor does the application attack the affirm adjudication judgment as being the wrong concludsion. But rather, where the proceedings/procedures indicates following the State's granted PDR all fairness of the process were ELIMINATED.

3

Matters of my case as presented in the instant 11.07 writ may very well be the deciding case, or precedent as to the justification whether the State's independent proceudral bar provisions of Tex.Crim.Proc. Code Ann. art 11.07 § 4(a) **overrule** the provisions of the United States Constitution Sixth Amendment right to counsel appointed for the indigent defendant/appellant; and that 11.07 § 4(a) **overrule** the well-established United States Supreme Court's precedent pursuant to GIDEON and CRONIC the right to counsel, and whether 11.07 § 4(a) **overrule** this Court of Criminal Appeals' rulings/holdings under NIX and EX PARTE SPAULDING that are in accordance with the Supreme Court's rulings pursuant to the VOID JUDGMENT EXCEPTION TO THE GENERAL RULE where the defendant/appellant without the benefit of counsel at a critical stage of the criminal proceeding would render that particular **VOID**.

PLEASE FORGIVE ME FOR THIS LENGTHY LETTER AND TAKING YOU EXTENDED TIME ON THIS LETTER. BUT, I'M ONLY PLEADING FOR JUSTICE AS SUCH SHOULD BE PROVIDED UNDER THE FACTS AND CIRCUMSTANCES OF MY CONFINEMENT THAT INDICATES THE ADJUDICATION JUDGMENT UNDER CAUSE NUMBER 10-83-095-CR IS A VOID JUDGMENT FOR IT WAS RENDERED WITHOUT ME HAVING THE BENEFIT OF COUNSEL REPRESENTATION DURING THE APPEAL PROCESS THAT AFFIRMED THE JUDGMENT.

THANK YOU,

KENNETH RAY BROWN

CCFILED:

4